UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DREW A. BECKEFELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-911-RLM-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Drew A. Beckefeld, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for burglary and fraud under cause number 91D01-1205-FC-66. After a guilty plea, on November 13, 2012, the White County Superior Court sentenced Mr. Beckefeld to nine years and six months of incarceration. Mr. Beckefeld alleges that he was sent from Kentucky to Indiana pursuant to the Interstate Agreement on Detainees and that the State of Indiana violated the agreement by failing to send him back to Kentucky after his criminal charges were resolved. Habeas corpus petitions are subject to a strict one-year statute of limitations.[1] There are four possible dates from which the limitation

---

[1] The statute of limitations for habeas corpus cases is set out in 28 U.S.C. § 2244(d) which provides:
    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

period can begin to run. Nothing in Mr. Beckefeld's petition indicates that state action impeded him from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right. Therefore sections 2244(d)(1)(B) and (C) don't apply here.

Either 28 U.S.C. § 2244(d)(1)(A) or (D) applies, depending on which date is later. Because Mr. Beckefeld didn't file any state court challenge to his conviction, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for filing an appeal expired on December 13, 2012. See Ind. App. R. 9(A) (appeal must be filed with the Indiana Court of Appeals within 30 days of trial court's judgment); Gonzalez v. Thayer, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Mr. Beckefeld alleges that, after his sentencing, he was sent to Reception Diagnostic Center for classification, and, on November 21, 2012, he was sent to Pendleton Correctional Facility in Pendleton, Indiana. Mr. Beckefeld should have known of the State of Indiana's alleged failure to comply with the interstate agreement – the factual predicate of his claim – by November 21, 2012. Therefore, the federal limitations period began to run on December 13, 2012, the

---

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

later of the two dates. Absent any period of tolling, the federal limitations period expired one year later, on December 13, 2013. When Mr. Beckefeld filed his petition on November 30, 2017, he was nearly four years too late. Mr. Beckefeld's petition is untimely and so must be denied.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that reasonable jurists would debate the correctness of today's procedural ruling; four years is a long time to be late. Therefore, there is no basis for encouraging Mr. Beckefeld to proceed further, and a certificate of appealability is denied. For the same reasons, he cannot appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

    (1) **DENIES** the petition (ECF 2) pursuant to Section 2254 Habeas Corpus Rule 4 because it is untimely;

    (2) **DENIES** Drew A. Beckefeld a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

    (3) **DENIES** Drew A. Beckefeld leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

    (4) **DIRECTS** the clerk to enter judgment accordingly.

SO ORDERED.

Date: December  8 , 2017                     /s/ Robert L. Miller, Jr.
                                            Judge
                                            United States District Court